# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | 1:04CV00787 |
| v. | ) ) | COMPLAINT |
| TRIAD CLINICAL LABORATORY, INC. | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Terri Jessup, who was adversely affected by such practices. Specifically, the Equal Employment Opportunity Commission (the "Commission") contends that Defendant Triad Clinical Laboratory, Inc. discharged Ms. Jessup because of her association with a person who had filed a charge of discrimination with the Commission. The Commission further contends that Defendant discharged Ms. Jessup in retaliation for her participation in a Commission investigation and her complaints about sexual harassment. All of the aforementioned activities are protected activities.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII

of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Triad Clinical Laboratory, Inc., has been a North Carolina corporation doing business in North Carolina and in Forsyth County, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Triad Clinical Laboratory, Inc., has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Terri Jessup filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about September 5, 2002, Defendant engaged in an unlawful employment practice at its Winston-Salem, North Carolina facility, in violation of Section 704(a) of Title VII, 42

2

U.S.C. §2000e-3(a), by discharging Terri Jessup because of her association with a former employee who had filed a charge of discrimination with the Commission against Defendant. Ms. Jessup had worked with the former employee while working for Defendant. On information and belief, Defendant learned that Ms. Jessup remained a personal acquaintance of said former employee after his discharge from Defendant, and that Ms. Jessup had met with said former employee after the employee filed his charge of discrimination. The Commission alleges that Defendant believed that Ms. Jessup, because of her association with said former employee, would give testimony to the Commission in its investigation of the former employee's charge and/or would otherwise support said former employee in the pursuit of his claim of discrimination against Defendant.

8. On or about September 5, 2002, Defendant engaged in an unlawful employment practice at its Winston-Salem, North Carolina facility in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), by discharging Terri Jessup because she participated in a Commission investigation. Specifically, Ms. Jessup gave testimony to the Commission during its investigation of a charge of discrimination filed by a former employee of Defendant.

9. On or about September 5, 2002, Defendant engaged in an unlawful employment practice at its Winston-Salem, North Carolina facility, in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), by discharging Terri Jessup because she opposed employment practices made unlawful by Title VII. Specifically, Ms. Jessup complained to Defendant that she was being sexually harassed.

10. The effect of the practices complained of in paragraphs 7 through 9 above has been to deprive Terri Jessup of equal employment opportunities and otherwise adversely affect her status as an employee because of her association with a person who filed a charge of discrimination against

Defendant, her participation in a Commission investigation, and/or her opposition to employment practices that she reasonably believed to be unlawful under Title VII.

11. The unlawful employment practices complained of in paragraphs 7 through 9 above were intentional.

12. The unlawful employment practices complained of in paragraphs 7 through 9 above were done with malice or with reckless indifference to the federally protected rights of Terri Jessup.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against current or former employees based on their participation in Commission investigations, their association with people who participate in Commission investigations, and/or their opposition to unlawful employment practices or employment practices which employees reasonably believe to be declared unlawful by any statute enforced by the Commission.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who participate in Commission investigations and/or oppose employment practices which the employee reasonably believes to be unlawful under any statute enforced by the Commission.

C. Order Defendant to make whole Terri Jessup by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described above, including but not limited to reinstatement or front pay.

4

D. Order Defendant to make whole Terri Jessup by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 through 9 above, including but not limited to medical expenses and job search expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Terri Jessup by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 7 through 9 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, loss of civil rights, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Terri Jessup punitive damages for its malicious and reckless conduct described in paragraphs 7 through 9 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 1st day of September, 2004.

5

Respectfully submitted,

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

_Lynette A. Barnes by Zoe. Mahood_
LYNETTE A. BARNES
Acting Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202

_Zoe G. Mahood_
ZOË G. MAHOOD
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Raleigh Area Office
1309 Annapolis Drive
Raleigh, North Carolina 27608
(919) 856-4080

ATTORNEYS FOR PLAINTIFF

6